UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONNA FOUNIE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:14CV816 RWS |
|  | ) |  |
| MIDLAND CREDIT MANAGEMENT, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **MEMORANDUM AND ORDER**

Donna Founie opened a Citibank credit card, accrued a balance, and didn't pay it. After her account went into default, it was purchased by Midland Funding, LLC and then assigned to defendant Midland for collection. Midland sent a letter to Founie on February 26, 2014, which prompted her to call Midland on March 13, 2014, and request "validation" of her debt. That call was recorded. Founie contends that Midland violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., in the letter and the call by overshadowing her dispute rights and misrepresenting that it had already sent her validation of the debt. Midland moves for summary judgment on the issue of liability. After careful review of the entire record, I find that no material facts are genuinely disputed and that Midland is entitled to judgment as a matter of law. I will therefore grant Midland's motion for summary judgment for the reasons that follow.

### Standards Governing Summary Judgment

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting Fed.R.Civ.P. 56(c)(2)). The movant "bears the initial

responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Id. (internal quotation marks and citations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Torgerson, 643 F.3d at 1042 (internal quotation marks and citations omitted).

## Undisputed Background Facts

The February 26, 2014, letter sent to Founie by Midland lists a current balance of $724.29 and a payment due date of April 12, 2014. It goes on to state in relevant part:

> On 1-31-2014, your Citibank, N.A. account was sold to Midland Funding LLC and Midland Credit Management, Inc. (MCM), a debt collection company, will be collecting on, and servicing your account. Do you just want to be free of this debt? Well, now is your opportunity, and it is very easy. Just enclose $724.29 in the envelope provided . . . and this debt will be **PAID IN FULL!** *What's in it for you?* After receiving your final payment, we will consider the account PAID

> IN FULL and the three major credit reporting agencies will be updated
> accordingly. No further collection activity on this account. We will send a letter
> to you that confirms that you have no further obligation on this account . . . This
> account may still be reported on your credit report as unpaid . . . Please
> understand this is a communication from a debt collector. This is an attempt to
> collect a debt. Any information obtained will be used for that purpose . . . The
> records associated with the Citibank, N.A. account purchased by Midland
> Funding LLC reflect that you are obligated on this account, which is in default . . .
> Unless you notify MCM within thirty (30) days after receiving this notice that you
> dispute the validity of this debt or any portion thereof, MCM will assume this
> debt to be valid. If you notify MCM, in writing, within thirty (30) days after
> receiving this notice that the debt, or any portion thereof, is disputed, MCM will
> obtain verification of the debt or a copy of a judgment (if there is a judgment) and
> mail you a copy of such verification or judgment. If you request, in writing,
> within 30 days after receiving this notice, MCM will provide you with the name
> and address of the original creditor . . . Please remember, even if you make a
> payment within thirty (30) days after receiving this notice, you still have the
> remainder of the thirty (30) days to exercise the rights described above . . . .

After receiving this letter, Founie called Midland on March 13, 2014. A recording of the call appears in the record as docket entry 21 and has been reviewed by the Court. During this call, Founie asks, "Can I get a validation of this debt"? Midland's representative responds that "it has been sent to you ma'am . . . on the 25th of February."[1] Founie then asks if she can "get another one." The Midland representative tells her no. Fournie then asks if "you are still adding interest to this account," to which the representative responds, "No." The Midland representative confirms that the balance due is the same as when the account was purchased and, in response to Founie's inquiry, tells her that they are "not reporting [her] bill." Founie did not request the name and address of the original creditor or dispute the validity of the debt either in writing or

---

[1] Apparently, the letter was mailed on February 25, 2014, but dated February 26, 2014, and for this reason, the parties (and therefore the Court) refer to the letter by either date. There is no dispute that there is only one letter at issue, and the date on the letter is not material to the outcome of the case. It is the same letter, whether referred to as either the February 25, 2014, letter, or the February 26, 2014, letter. The Court uses these dates interchangeably in the same manner as the parties.

verbally during the call.

## Discussion

In her complaint, Founie alleges that Midland violated § 1692g of the FDCPA by "overshadowing" her dispute rights in the letter and misrepresenting in the March 14, 2014, telephone call that a validation letter had been sent in violation of § 1692e(10) of the FDCPA. The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices. See 15 U.S.C. § 1692. Section 1692g(a) of the FDCPA requires collectors send a "validation notice" to give debtors written notice of their rights as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Section 1692g(b) provides that "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that debt, or any portion

thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . ." 15 U.S.C. § 1692g(b). "The validation period is not a grace period; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity." Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 135 (2nd Cir. 2010)(internal quotation marks and citations omitted). However "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt . . . ." 15 U.S.C. § 1692g(b). "Overshadowing or inconsistency occurs when a debt-collection letter conveys information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Owens v. Hellmuth & Johnson, PLLC, 550 F. Supp. 2d 1060, 1064 (D. Minn. 2008).

Here, Founie argues that her February 26, 2014, disclosure letter (sometimes called a dunning letter), see O'Connor v. Diversified Consultants, Inc., 2014 WL 859822, *2 (E.D. Mo. Mar. 5, 2014), overshadowed her statutory dispute rights and confused her because the letter "was a demand for immediate payment" and the April 12, 2014, payment due date was "dwarfed" by the language telling Founie that she could immediately pay the debt in full. "A violation of the FDCPA is reviewed using the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard ties to the very last rung on the sophistication ladder." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (internal quotation marks and citation omitted). "This standard protects the uninformed or naïve consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection

5

letters." Id. at 317-18. "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1056 (8th Cir. 2002) (internal quotation marks and citation omitted). Mere speculation that a collection letter confuses the unsophisticated consumer is insufficient for a FDCPA plaintiff to survive summary judgment. Campbell v. Credit Protection Assoc., L.P., 2013 WL 1282348, *5 (E.D. Mo. Mar. 27, 2013). "[W]hen the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." Durkin v. Equifax Check Servs., Inc., 406 F.3d 410, 414 (7th Cir. 2005); Campbell, 2013 WL 1282348 at *5 (citing Durkin with approval). "Finally, where the legal implications of statements made in a collection letter are disputed, the dispute constitutes a question of law that may be resolved by the Court on a dispositive motion." O'Connor v. Credit Protection Assoc. LP, 2013 WL 5340927, *7 (E. D. Mo. Sept. 23, 2013).

First, there is no dispute that the letter is not a "demand for immediate payment." Here, the letter lists a payment due date of April 12, 2014 – well outside the 30-day validation period – and simply advises Founie of the advantages to her if she chooses to pay the debt in full. There is nothing confusing or contradictory about this language, particularly when viewed in context of the whole letter, which includes the required notice of her statutory rights. See Owens, 550 F. Supp. 2d at 1064. It does not demand any action (including payment) from her within the 30-day window, nor does the letter request immediate contact or threaten her with negative consequences if she fails to take action before the close of the 30-day window. See Riess v.

6

Messerli & Kramer, P.A., 2011 WL 5506290, *4 (D. Minn. Nov. 10, 2011) (letters that do not demand immediate payment or contact or threaten negative consequences if action is not taken before the close of the 30-day validation period do not contradict or overshadow a consumer's right to dispute debt or obtain verification of debt within 30 days of the initial notice). Moreover, the mere fact that the letter advised Founie that her account was in default and may be reported as unpaid does not constitute overshadowing, as "the validation period is not a grace period [and] . . . the debt collector is allowed . . . to continue collection activity" as long as the consumer has not disputed the debt in writing. Ellis, 591 F.3d at 135. That portion of the letter does not overshadow the clarity of the statutory validation notice, as this information would not confuse a reasonable, unsophisticated consumer about her dispute rights. Founie offers nothing more than her own self-serving assertions that the letter confused her, and she has presented no affirmative or extrinsic evidence whatsoever that the letter would reasonably confuse an "unsophisticated consumer" as to the payment due date or her dispute rights. As the "unsophisticated consumer" test is a practical one involving an element of reasonableness, this Court concludes that the letter does not overshadow Founie's dispute rights as a matter of law. As such, Midland is entitled to summary judgment on Founie's claim that the letter violated the FDCPA.

Founie also claims that Midland violated the FDCPA in the March 13, 2014, telephone call by "falsely" asserting that it had sent a validation letter. Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Here, Founie claims that Midland falsely asserted that it had already sent "validation" of the debt in the form of the February 26, 2014, letter in

response to her question, "Can I get a validation of this debt"? According to Founie, "validation" is the same thing as "verification" so there is a genuine dispute of material fact as to whether Founie requested verification of the debt. Founie's argument fails for several reasons. First, there is no genuine issue as to whether Founie properly requested verification of the debt under the FDCPA because there is no dispute that she never did so *in writing*, either within the 30-day validation period or otherwise. Founie's insistence that an oral request (even assuming one was made) is somehow sufficient to trigger her rights under the FDCPA is unavailing as the statute plainly requires the request be made in writing. See 15 U.S.C. § 1692g(b). This requirement was explicitly stated in Founie's dunning letter, yet Founie failed to comply. Therefore, there is no triable issue as to whether Midland was required to verify Founie's debt, since she did not request that it do so in writing.

Moreover, there is no dispute that Midland's statements to Founie regarding validation of the debt were not false. In response to Founie's question for *validation* of the debt, Midland's representative accurately responded that it had been sent on February 25, 2014. Section 1692g of the FDCPA is entitled "validation of debts," and the letter required by § 1692g(a) is commonly referred to as a dunning letter or a *validation* notice. See Jones v. CBE Group, Inc., 215 F.R.D. 558, 566 (D. Minn. 2003). The validation notice then advises debtors that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain *verification* of the debt or a copy of a judgment against the consumer and a copy of such *verification* or judgment will be mailed to the consumer by the debt collector . . . ." 15 U.S.C. § 1692g(a)(4) (emphasis supplied). Therefore, under the FDCPA "validation" and "verification" refer to two different events. Midland's

8

representative accurately stated that *validation* of the debt had already been sent in the form of the February letter. There is no argument here that Midland was required (or even permitted) to send a second validation notice at Founie's oral request, so any claim that Midland made any false statements during the March 13, 2014, phone call fails as a matter of law.

The Court also concludes that these statements were not misleading in violation of the FDCPA. Although Founie asserts in her affidavit that the purpose of her call was to find out whether she owed the debt and whether the amount sought by Midland was an accurate statement of the account balance – which for purposes of this motion only the Court will assume amounts to a request for verification of a debt[2] -- these self-serving statements are not sufficient to create a genuine issue of material fact because Founie never actually requested this information from Midland during the phone call. Founie never stated that she disputed the debt and never questioned whether the stated balance was accurate. Instead, she requested "validation" of the debt (with no explanation of what she thought that term meant), and then asked questions relating not to the verification of the underlying debt but to Midland's servicing of the account – ie., whether it was charging interest or reporting the debt. Midland answered these questions, and there is no argument that the answers given were not truthful. Founie never mentioned verification of the debt during the phone call, and there is no evidence in the record from which a reasonable fact-finder could conclude that Founie was really asking about "verification" instead of "validation" of the debt during the phone conversation. There is certainly no evidence in the record from which a reasonable fact-finder could conclude that Midland's statement that it had already provided validation of Founie's debt was misleading in

---

[2] Of course, this would still not constitute a proper request for validation under the FDCPA because it was not made in writing as required by the statute.

violation of the FDCPA.

To the extent Founie alleges that this statement also overshadowed her dispute rights, that claim fails as a matter of law for the same reasons. As discussed above, Founie's right to seek verification or dispute the debt was never raised during the phone call, and there is nothing in this record to suggest that Midland's statement about the validation notice would cause a reasonable unsophisticated consumer to believe that she had no right to dispute the debt or otherwise exercise her rights set out in the validation notice. After Founie contacted Midland, Midland's representative politely and truthfully answered Founie's questions about the account. Payment of the debt was never even discussed. Once again, Founie offers nothing more than her own self-serving assertions that the phone call confused her, and she has presented no affirmative or extrinsic evidence whatsoever that the statements made during that conversation would reasonably confuse an "unsophisticated consumer" as to her right to seek verification of the debt or otherwise exercise her dispute rights. As the "unsophisticated consumer" test is a practical one involving an element of reasonableness, this Court concludes that the statements made during the March 13, 20104, phone call did not overshadow Founie's dispute rights as a matter of law. Midland is entitled to judgment as a matter of law on Founie's claim that the March 13, 2014, telephone call violated the FDCPA.

There is no evidence from which a reasonable fact-finder could conclude that Founie was subjected to any abusive debt collection practices in violation of the FDCPA. She received a dunning letter in compliance with the statute, and no false, deceptive, or fraudulent statements were made to her during the phone call she placed to the debt collector. Founie never properly disputed the debt or exercised her dispute rights in writing as required by the statute. For these

reasons, Founie's FDCPA claims fail as a matter of law and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#17] is granted, and plaintiff's complaint is dismissed with prejudice.

A separate Judgment in accord with this Memorandum and Order is issued this same date.

                                        RODNEY W. SIPPEL
                                        UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2014.